UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY ROSS, *et al*, § § Plaintiffs, § VS. § § FEDERAL HOME LOAN MORTGAGE § CORPORATION, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:19-CV-1199 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Specialized Loan Servicing LLC's ("SLS") Motion to Dismiss and Motion for Summary Judgment (Dkt. 20) and Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion for Summary Judgment (Dkt. 19). Having carefully reviewed the complaint, the motions, responses, and replies and the applicable law, the motions for summary judgment are **GRANTED**.[1]

### THE MOTION FOR CONTINUANCE

As a preliminary matter, in their response the plaintiffs, Gregory and Mary Ross ("the Rosses"), seek leave to file the response late and further request a continuance of the Court's consideration of the motions for summary judgment to conduct discovery. Dkt. 28 at 1. The motion to file the late response is **GRANTED**. The Court will consider the response and attachments. The motion for continuance is **DENIED**.

---

[1] Although SLS has also moved for dismissal in this action for the Rosses failure to plead valid claims against them, the Court will consider the summary judgment record and address SLS's arguments in the context of a motion for summary judgment.

The Rosses have had ample time to conduct the requisite discovery to respond to the pending motions. This action was filed over one year ago, on March 26, 2019, and the Court's record reflects that, to date, the Rosses have not engaged in any discovery with defendants. Furthermore, the Rosses have had ample time to file complete responses to the motions. The motions have been on file since August 16, 2019 and the Rosses did not file their response until November 26, 2019. Finally, the motion for continuance does not comply with the requirements of Rule 56. *See* Fed. R. Civ. P. 56(d); *see also Scotch v. Letsinger*, 593 Fed. App'x 276, 278 & n.2 (5th Cir. 2014) ("Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment."). Accordingly, for all of these reasons, the motion for continuance is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are established by the summary judgment record. On November 22, 2011, the Rosses executed a Deed of Trust (See Dkt. 20, Exhibit "A" – the "Deed of Trust") in favor of Wells Fargo Bank, N.A. with respect to real property commonly known as 16020 County Road 522, Guy, Texas 77444 (the "Property"). The Deed of Trust secured a promissory Note (*See id.,* Exhibit "B" – the "Note") of even date therewith payable by Gregory Ross in the original principal sum of $116,924.45. SLS serviced the mortgage for Wells Fargo. The Deed of Trust provides that all notices given by the borrower or the lender in connection with the Deed of Trust must be in writing, and the notice address for the borrower shall be the "Property Address" identified in the Deed of Trust.

The Rosses admit that they defaulted on their obligations under the Note and Deed of Trust. *See* Dkt. 1 Plaintiffs' Original Complaint. They allege that Hurricane Harvey caused them to struggle financially. However, the Rosses' default occurred long before Hurricane Harvey struck the Texas Gulf Coast in 2017. *See* Dkt. 20 Exhibit "C."

On October 17, 2016, Wells Fargo sent Gregory Ross, the sole borrower, a Notice of Default and Intent to Accelerate. *See id.* The United States Postal Service returned the Notice of Default and Intent to Accelerate to Wells Fargo as unclaimed. *See id.,* Exhibit "C," page 4-5; Exhibit "H," Affidavit, par. 9-10. Gregory Ross failed to cure the default. *See id.,* Exhibit "H," Affidavit, par. 9-10.

On January 28, 2019, Wells Fargo, through its mortgage servicer, SLS, (i) lawfully appointed its Substitute Trustee and (ii) sent the Rosses a Notice of Acceleration and Notice of Sale via certified U.S. mail, postage prepaid, return receipt requested, and properly addressed to the Rosses at the Property Address identified in the Deed of Trust. *See id.,* Exhibits "D" & "E"; *see also* Exhibit "H", Affidavit, par. 11. Per the Notice of Acceleration and Notice of Sale, SLS scheduled foreclosure for March 5, 2019, more than twenty-one (21) days from the date SLS sent the Notice of Acceleration and Notice of Sale. *See id.* Exhibit "G", par. 6. On February 11, 2019, SLS timely posted Notice of Sale in Fort Bend County, Texas. *Id.* Exhibit "F".

On March 5, 2019, Wells Fargo lawfully foreclosed on the Property. *Id.* Exhibit "G". Freddie Mac was the highest bidder at the foreclosure sale with their bid of $116,463.75. *Id.*

On March 26, 2019, the Rosses filed this lawsuit against SLS and Freddie Mac alleging, among other things, that the foreclosure sale is void because the Rosses never received responses to their requests for loan assistance and modification. Freddie Mac removed the case to this Court. The Rosses have sued the defendants for, among other things, (i) equitable set aside of foreclosure, (ii) accounting and redemption, (iii) breach of contract, (iv) wrongful foreclosure, (v) fraud, (vi) negligence, and (vii) trespass to try title. The Rosses also seek injunctive relief. SLS and Freddie Mac argue that they are entitled to summary judgment because the evidence establishes that the Rosses cannot prevail on any of these claims.

The Rosses' complaint, which has been on file now for more than one year, is at best vague and conclusory regarding its factual allegations against the defendants. It does little to specify with any particularity facts establishing each element of their claims against defendants. In their threadbare response to the pending motions, the Rosses do not address the majority of arguments presented by defendants in support of summary judgment. See Dkt. 28. However, the Rosses do attach an affidavit that sets forth more of the alleged factual basis for their claims, which the Court will consider. Dkt. 28, Ex. A-1.

**Summary Judgment Standard**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (1986). *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 The moving party is entitled to

judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2552 (1986). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant' s case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 106 S. Ct. 1348, 1356 (1986).

      Generally, in reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.,* 120 S. Ct. 2097, 2110 (2000). That said, however, the court resolves factual controversies in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075.

Affidavits cannot preclude summary judgment if they do not contain competent and otherwise admissible evidence. *See Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003). Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion, *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994), as is testimony that offers only conclusions without designating specific facts showing that there is a genuine issue for trial. *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 224 (5th Cir. 1991). "[The Fifth Circuit] ha[s] recognized that there is a level of conclusoriness below which an affidavit must not sink if it is to provide the basis for a genuine issue of material fact." *Id*. Moreover, if a party's testimony "is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Smith v. Southwestern Bell Tel. Co.*, 456 Fed. App'x 489, 492 (5th Cir. 2012) ("[W]e have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000).

## ANALYSIS

### A. Breach of Contract Claim

In order to prevail on their claim for breach of contract, the Rosses must prove (i) the existence of a valid contract, (ii) performance or tendered performance by Plaintiffs, (iii) breach of the contract by defendants and (iv) damages sustained as a result of the

breach. The complaint is not clear on the contract that is the subject of this claim. However, in their response the Rosses assert that they are suing for breach of a trial plan agreement they made with defendants for a modification of the loan documents at issue. The Rosses assert that they "complied with the terms of the trial plan agreement by making the required three payments in a timely manner" and that the defendants "then breached the agreement by failing to provide Plaintiffs with the permanent modification documents to sign and by moving forward with the foreclosure." Dkt. 28 at 2-3.

It has long been held that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990); *see also Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). Here the summary judgment evidence establishes that the Rosses did not comply with the terms of the loan modification agreement. The summary judgment record establishes that SLS offered the Rosses a Trial Period Modification Plan on July 6, 2018 (hereinafter "Trial Plan") to help them resolve their default. Dkt. 28, Ex. A-1. According to the terms of the Trial Plan, the initial payment of $1,273.20 was due no later than August 1, 2018. *Id.* The Trial Plan specifically states that a failure to submit the payment "by August 1, 2018 will result in SLS rescinding [the] Trial Period Modification Plan offer." *Id*. SLS's offer sent to Rosses contained a warning in bold, conspicuous print: **"We must receive each payment, in the month in which it is due. If you miss a payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be modified."** *Id.* The Trial Plan further states "I understand that my first payment must be received by the Lender no later than August 1, 2018 or I may not be accepted into the

Trial Period Modification Plan. *Id.* The Rosses do not dispute the bank records in the summary judgment record indicating that initial payment was submitted to SLS August 2, 2018. *Id.*, Ex A-2. Accordingly, the Court finds that the Rosses cannot establish the second element of a breach of contract claim, namely, performance or tendered performance, and defendants are entitled to summary judgment on this claim. *Villarreal*, 814 F.3d at 767 (holding that the district court properly dismissed the plaintiff's breach of contract claim when the plaintiff failed to plead facts showing her performance and "the notices that [the defendant] sent . . . and attached to its motion to dismiss . . . revealed that [the plaintiff] was in default").

### B. Common Law Fraud Claim

In order to prevail on their claim for common law fraud, the Rosses must prove (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party justifiably relied on the representation; and (6) the party thereby suffered injury. Common law fraud requires reliance that must be both actual and justifiable.

In federal court, claims for fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Omni USA, Inc. v. Parker–Hannifin Corp.*, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 795–96 (N.D. Tex. 2009). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.,* 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted). In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997)).

In their response to the motions, the Rosses assert that the bases of this claim are "Defendants' misrepresentations that no foreclosure would occur if Plaintiffs made the three required trial period payments in a timely manner." Dkt. 28, Ex. A-1 and A-2. In this case, even accepting their affidavit as factual pleadings, the Rosses have not plead fraud with particularity required by Rule 9(b) and should be dismissed on this ground. Dkt. 28, Ex. A-1. Assuming arguendo that this claim complied with Rule 9(b), it still could not serve as the basis of a fraud claim. As shown above, the summary judgment evidence establishes that, even if defendants made this statement, defendants did not accelerate the loan until the Rosses failed to make the payments timely under the Trial Plan. Accordingly, the Rosses' fraud claim fails as a matter of fact and law and defendants are entitled to summary judgment on this claim.

**C. Remaining Claims**

In their response, the Rosses do not specifically challenge the caselaw, arguments. and summary judgment evidence presented that entitles defendants to prevail on the remaining claims in this action. See Dkt. 28. Instead the Rosses apparently argue that there is a material issue of fact central to all of the claims that prevents summary

judgment. The Rosses argue that they can prevail on their remaining claims because defendants waived their rights under the loan documents to foreclose on the Property until they "at least provide Plaintiffs with a new notice of default." *Id.* at 3-4. The Rosses assert that defendants "have provided evidence of a notice of default that was allegedly sent to Gregory Ross on October 17, 2016. The letter stated that Mr. Ross had until November 21, 2016 to cure the default or else Wells Fargo would then proceed with acceleration. However, no acceleration occurred until February 7, 2019, more than 26 months later and after two proposed loan modifications and after multiple payments were accepted that were less than the balance of the loan. Therefore, Defendants waived their right to enforce the loan documents until they at least provide Plaintiffs with a new notice of default. Because Defendants waived their rights under the loan documents and accepted payments after October 17, 2016, the loan should be considered reinstated." *Id*. The Rosses do not cite any caselaw authority in support of these arguments.

The summary judgment evidence establishes that the Rosses were not entitled to a new notice of default prior to the acceleration and the defendants did not waive their right to enforce the loan documents. Under Texas law, "effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Shumway v Horizon Credit Corp.,* 801 S.W.2d 890, 893 (Tex. 1991). A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be accelerated, and the property will go

to foreclosure. *Id.* In this case the summary judgment evidence confirms that the requirements of Section 51.002 of the Texas Property Code and relevant law were satisfied by serving a Notice of Default and Intent to Accelerate and Notice of Acceleration and Notice of Trustee's Sale. *See* Dkt. 20 Exhibits "C", "D", & "E".

Furthermore, the summary judgment establishes that Defendants did not waive their right to enforce the loan documents according to the terms of the Trial Plan by accepting payments after October 17, 2016. The Trial Plan specifically states:

> When SLS accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of [the] default under the Loan Documents unless such payments are sufficient to completely cure [the] entire default under the Loan Documents.
> *See* Dkt. 28-1 Exhibit "A-1", Section E.

Accordingly, there is no issue of material fact in dispute and defendants are entitled to summary judgment on all claims in this action.

### D. Attorney's Fees

The defendants' attorneys request attorney's fees for their representation of SLS based on Section 9 of the Deed of Trust, and they have presented an affidavit in support of that request. *See* Dkt. 20 at p. 18 & Exhibit "I". Section 9 of the Deed of Trust authorizes the recovery of attorney's fees by the "Lender[,]" *see Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038–40 (5th Cir. 2014), and the Rosses have not lodged an objection either to the request for attorney's fees or the amount requested. Even though Wells Fargo, not SLS, was the "Lender" as defined in the Deed of Trust, SLS, as the servicer of the mortgage, is subrogated to Wells Fargo's right to attorney's

fees under Section 9 of the Deed of Trust. *Khan v. Wells Fargo Bank, N.A.*, No. 4:12-CV-1116, 2014 WL 794193, at *2 (S.D. Tex. Feb. 26, 2014) (J. Atlas) ("[The defendant], as servicer of the mortgage, stood in the shoes of the lender and had authority to initiate foreclosure proceedings and to enforce the lender's rights under the Deed of Trust and the Note. Accordingly, [the defendant] . . . may be reimbursed for its attorneys' fees and costs.").

Even though the Rosses did not object to defense counsel's request for attorney's fees, the Court has independently reviewed defense counsel's request under the framework set out by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The amount requested by defense counsel is reasonable, and the request for attorney's fees is **GRANTED**.

## CONCLUSION

The Court finds that SLS and Freddie Mac are entitled to summary judgment in this action. Accordingly, the motions for summary judgment (Dkt. 19 and Dkt. 20) are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. The Court awards defense counsel attorney's fees in the amount of **$8,386.50**. A separate final judgment will issue.

SIGNED this day 8th day of April, 2020.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge